ORIGINAL

FILED
JUN - 6 2006
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | |
|---|---|
| AEON NEXUS CORPORATION<br>Plaintiff,<br>v.<br>THE UNITED STATES<br>Defendant. | CFC No. 06-444 C |

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

**COMES NOW** Plaintiff Aeon Nexus Corporation, ("Aeon Nexus"), by and through the undersigned counsel, and hereby protests the failure of the United States Department of Homeland Security ("DHS"), Office of Procurement Operations, through its Contracting Officer, Bernard Salter, located at the agency's office in Washington D.C., to obey applicable law and regulation including the requirements of the Federal Acquisition Regulation ("FAR"). The Contracting Officer and DHS's Office of Procurement Operations violated applicable law and regulation by improperly awarding a Task Order ("TO") to Compusearch Software Systems, Inc., ("CSSI") for an e-Acquisition Management Portal solution needed to optimize procurement and administrative functions of the Office of Procurement Operations. The award was made pursuant to a Request for Quotations ("RFQ") issued under the General Services Administration ("GSA") Federal Supply Schedule ("FSS") program.

By this filing, and the accompanying Motion for Limited Preliminary Injunctive Relief, Aeon Nexus seeks, among other requests, to enjoin DHS from continuing performance of its

contract for the e-Acquisition Management Portal. Additionally, Aeon Nexus seeks a ruling from the Court that the award was improper under applicable law and regulation, was an abuse of discretion and that the proposal submitted by CSSI failed to comply with the mandatory requirements of the solicitation. Finally, Aeon Nexus also seeks its attorney's fees and its costs in bringing this action.

## **Parties**

1. Plaintiff Aeon Nexus is a Small Disadvantaged Business ("SDB") whose principal office is located in Manassas, Virginia. Aeon Nexus is engaged in the business of providing information technology ("IT") support services to the United States Government and other organizations. Aeon Nexus was an actual offeror and submitted a proposal under the e-Acquisition Management Portal solicitation.

2. The Defendant is the United States of America acting through the Department of Homeland Security.

## **Jurisdiction**

3. Jurisdiction in this Court is based on the Tucker Act, 28 U.S.C. § 1491, as amended by the Administrative Disputes Resolution Act of 1996, Pub. L. No. 104-320 § 12,110 Stat. 3870, 3874-75 (1996), 28 U.S.C. § 1491(b).

## **Factual Assertions**

4. On April 4, 2006, DHS's Office of Procurement Operations released the e-Acquisition Management Portal Request for Quotations ("RFQ") No. HSHQDC-06-Q-00079. On April 6,

2006, DHS's Office of Procurement Operations released a "Question and Answer" document and a revised Statement of Work ("SOW") among other documents.

5. The e-Acquisition Management Portal RFQ solicited proposals for a Firm Fixed Price Task Order for a web based e-Acquisition Management Portal solution to optimize the procurement and administrative functions of the Office of Procurement Operations. The portal consists of software that can be accessed via the internet. It will be used by the Government and vendors to perform a number of functions to facilitate Task Order/Delivery Order ("TO/DO") procurements under EAGLE and FirstSource, which are two, large DHS contracts for computer products and services. The minimum functions that DHS requires the portal to perform are:

- Government Creation and Issuance of TO/DO Solicitations
- Contractor Submission of Proposals
- Government Evaluation of Proposals
- Government Execution/Award of TOs/DOs
- Government Market Research of IT Products and Purchase Card Procurement
- Dashboard Capability for Executive and Senior Management

April 6 RFQ SOW at 5.

6. The DHS Office of Procurement competed this requirement among existing GSA Federal Supply Schedule holders of Schedule 70 General Purpose Commercial Information Technology Equipment, Software, and Services, Special Item Number ("SIN") 132-34 Software Maintenance and SIN 132-33 Perpetual Software License. The acquisition was governed by the rules applicable to GSA schedule procurements set forth in FAR 8.4.

7. The RFQ provided as follows with respect to the basis of award:

> BASIS OF AWARD:
>
> Each Offeror's proposal will be evaluated in accordance with the evaluation criteria identified below:
>
> There are a total of five (5) evaluation factors: 1) Technical Approach and Capabilities; 2) Key Personnel; 3) Organizational

> Experience and 4) Past Performance and one (1) non technical evaluation factor - Price. Technical approach and capabilities is the most important; key personnel, organizational experience and past performance are of equal importance and when combined are of equal importance to technical approach. Technical approach, key personnel, organizational experience and past performance when combined are more important than Price.
>
> Award will be made to the responsible Offeror whose offer, conforming to this RFQ, provides the best overall value to the Government, evaluation factors, and price considered. The Government will not make award at a significantly higher overall cost to the Government to achieve *only* slightly superior technical capability. The Government will make this assessment through the development of trade-off analysis and other analytic studies that involve the assessment of benefits of superior technical capability features (e.g., benefits clearly attributable to increased productivity, probability of successful contract performance, and/or unique and innovative approaches or capabilities) versus the added cost.

April 4 RFQ at 5 of 6.

8. The RFQ also required the contractor to "host" the system. The RFQ provided that "[t]he contractor shall provide the services required to host and operate the DHS ESO {Enterprise Solution Office] e-Acquisition Management Portal system, based on commercial best practices for hosting operations. The contractor shall be responsible for the establishment of the hosting environment, procurement of required hardware, and management of system operations." April 6 SOW at 10. The contractor hosting facility was required to provide 99.9% availability for the DHS portal. *Id.*

9. The RFQ further provided:

> The contractor shall provide the following specific deliverables for Task 5: (see Section C.4 for Schedule of Deliverables):
>
> a. Hosting of the e-Acquisition Management Portal
> b. Service Level Agreement
> c. Registered IP address and URL
>
> In the event that DHS elects to transfer hosting responsibility from the contractor to the Government, the contractor shall assist the

Government in transitioning the operational environment from the contractor's facility to the designated Government facility.

*Id.*

10. The base period of performance under the RFQ is the date of award through April 30, 2007. In addition, the RFQ contained four, one year options. April 4, 2006 RFQ at 1. The RFQ also included an aggressive delivery schedule for the six tasks that the contractor must perform:

| TASK | TASK DESCRIPTION | SCHEDULE |
|---|---|---|
| Task 1 | System Requirements Specification | 30 days after award |
| Task 2 | e-Acquisition Management Portal implementation | Initial deployment by 7/1/06<br>Full deployment by 8/1/06 |
| Task 3 | Training Plan | As required to support 7/1/06 initial deployment |
| Task 4 | Procure computer environment for portal implementation and operation | As required to support 7/1/06 initial deployment |
| Task 5 | DHS e-Acquisition Management Portal hosting | Starting with initial system deployment |
| Task 6 | Help desk support | Starting with initial system deployment |

April 6 SOW at 11.

11. Aeon Nexus timely submitted a proposal in response to the RFQ and provided an oral presentation and demonstration of its proposed portal.

12. By letter dated April 28, 2006, DHS told Aeon Nexus that its technical proposal received an "Excellent" score and its price proposal was within the competitive range. It was also informed, in the same letter, that DHS had awarded the Task Order to Compusearch Software Systems, Inc., in a total amount not to exceed $5,167,188.24.

**<u>Count I</u>**

(Improper waiver of requirements for awardee only)

13. Plaintiff incorporates by reference the allegations presented in paragraphs 1 to 12 above.

14. It is a fundamental precept of Federal procurement law that offerors' proposals must conform to the requirements set forth in the solicitation and the Government may not waive requirements for one offeror without informing all offerors and giving them all the opportunity to bid on the same relaxed requirements.

15. The DHS RFQ clearly required the contractor to "host" the system at its facility. *See* April 6 SOW at 10, 12-13.

16. CSSI does not offer hosting services on its GSA schedule. On information and belief, the award to CSSI is not based on CSSI hosting the system at its facility but instead is based on the system being hosted at a Government facility using Government personnel, computer and network resources to support the portal.

17. Allowing the hosting to be done at a Government facility amounts to an unannounced waiver of mandatory solicitation requirements for a single offeror in violation of the terms of the solicitation and applicable regulations. By allowing CSSI to install the portal at a Government facility staffed by Government personnel, DHS has also waived the requirement for the contractor to provide 99.9% availability since CSSI's ability to comply with this requirement will be dependent upon the successful operation of Government-provided computer resources and the actions of Government personnel.

18. Based on information and belief, CSSI's proposal should have been disqualified because it failed to comply with the RFQ's mandatory requirement for contractor-provided hosting of the e-Acquisition Management Portal.

19. The requirement to host the system at the contractor's facility entails very significant costs for the contractor, including but not limited to space, personnel, power and network resources. Aeon Nexus's Price proposal would have been reduced by many hundreds of thousands of dollars if Aeon Nexus had been allowed to perform the hosting at a Government facility rather than at its own facility and would have been the lowest cost proposal received, based on the pricing information contained in DHS's letter dated April 28, 2006.

20. The evaluation of proposals and the best value analysis was irrational and violated applicable regulations because it was not based on an "apples to apples" comparison. CSSI was allowed to propose and was evaluated based on a less expensive solution that did not comply with the RFQ's requirements.

21. If, in fact, the Government determined it did not need to have the contractor perform the hosting at the contractor's own facility, the proper and required course of action would have been to amend the solicitation and allow all offerors to bid on the same relaxed requirements.

22. These actions by the Government, if not remedied, will irreparably damage Aeon Nexus. Aeon Nexus respectfully requests that the Court declare that the Government's actions in waiving the requirements for one offeror was a violation of law and regulation and was arbitrary and capricious. Furthermore, Aeon Nexus requests that the Court declare that the CSSI proposal did not comply with mandatory terms of the solicitation and therefore it could not have properly been awarded the contract task order.

**Count II**

(Improper purchase of non-GSA schedule items)

23. Plaintiff incorporates by reference the allegations presented in paragraphs 1 to 22 above.

24. The Government stated it was conducting this procurement in accordance with FAR Subpart 8.4, Federal Supply Schedules. April 4 RFQ at 1.

25. FAR 8.405-2(a) provides as follows:

> Ordering activities shall use the procedures in this subsection when ordering services priced at hourly rates as established by the schedule contracts. The applicable services will be identified in the Federal Supply Schedule publications and the contractor's pricelists.

26. The Government may not use the GSA Schedule program and the simplified procedures of FAR Subpart 8.4, Federal Supply Schedules, to purchase goods and services that are not contained on the offeror's GSA Schedule.

27. Unlike Aeon Nexus, CSSI does not offer hosting on its GSA schedule contract.

28. The Government, using the simplified procedures of FAR Subpart 8.4, Federal Supply Schedules, could not legally award a TO to CSSI that included hosting because CSSI does not offer hosting on its GSA schedule contract.

29. The Government either improperly waived all hosting requirements for CSSI, which would constitute an improper waiver of mandatory specifications, or improperly and illegally purchased hosting from CSSI using the procedures of FAR Subpart 8.4 Federal Supply Schedules - - despite the fact that hosting was not offered on CSSI's GSA Schedule Contract. (Furthermore, if the Government is buying the equipment from CSSI for the hosting, that action constitutes an

additional violation of law and regulation because CSSI does not offer the required hardware on its GSA schedule contract.)

30. These actions by the Government, if not remedied, will irreparably damage Aeon Nexus. Aeon Nexus respectfully requests that the Court declare that the Government's actions in either waiving the requirements of the solicitation for CSSI or purchasing goods and services from CSSI that were not on CSSI's GSA Schedule contract, using the procedures of FAR Subpart 8.4 Federal Supply Schedules, was a violation of applicable law and regulation and was arbitrary and capricious. Furthermore, Aeon Nexus requests that the Court declare that the CSSI proposal did not comply with mandatory terms of the solicitation and therefore CSSI could not have properly been awarded the task order.

**Count III**

(Failure to adhere to announced evaluation criteria in RFQ and improper evaluation)

31. Plaintiff incorporates by reference the allegations presented in paragraphs 1 to 30 above.

32. DHS stated it was conducting this procurement in accordance with FAR Subpart 8.4 Federal Supply Schedules. April 4 RFQ at 1.

33. FAR 8.405-2(d) provides as follows:

> *Evaluation*. The ordering activity shall evaluate all responses received using the evaluation criteria provided to the schedule contractors. . .

34. The RFQ provided as follows with respect to the evaluation criteria:

> Technical approach and capabilities is the most important; key personnel, organizational experience and past performance are of equal importance and when combined are of equal importance to technical approach. Technical approach, key personnel, organizational experience and past performance when combined

are more important than Price.

April 4 RFQ at 5 of 6.

35. In the present case the Government failed to adhere to the evaluation criteria as stated in the RFQ and instead increased the importance of price so that it became the most important criterion - - contrary to what was stated in the solicitation.

36. In addition, most of the functionality required by the SOW does not currently exist in CSSI's "PRISM" product or in the "Optional PRISM Web Modules" contained on CSSI's GSA Schedule contract, which, on information and belief, is the only existing CSSI product on any GSA schedule that provides any of the functionality required for the e-Acquisition Management Portal. The technical evaluation of CSSI did not properly account for the additional technical and performance risk and potential difficulties relating to CSSI having to create functionality from "scratch."

37. The RFQ requires that the e-Acquisition Management Portal solution interface with DHS systems. The RFQ states that Customs and Border Patrol ("CBP") currently uses "SAP iPro" as their acquisition system. April 6 SOW at 6. Plaintiff understands that the PRISM system being offered by CSSI does not interface with SAP iPro and that CSSI requires its customers to install PRISM 5.0 as a prerequisite for interfacing with the procurement software that will be developed under the e-Acquisition Management Portal TO. This either imposes additional costs on DHS to migrate to PRISM 5.0 or creates additional technical and performance difficulties that were either not considered or given insufficient weight in the Government's evaluation because CSSI cannot currently interface with SAP iPro. Moreover, the RFQ required offerors to propose fixed prices that were to include "all costs and fees, including overhead and profit." April 4 RFQ at 5 of 6. The RFQ did not permit the contractor to impose costs on the

Government that were not included in the proposed fixed price. Therefore, CSSI could not propose a condition that required the Government to acquire and implement software that was not part of CSSI's proposed portal solution, or the Government software environment described in the RFQ.

38. These actions by the Government, if not remedied, will irreparably damage Aeon Nexus. Aeon Nexus respectfully requests that the Court declare that the Government's actions in evaluating proposals in a manner contrary to the evaluation criteria stated in the solicitation was a violation of applicable law and regulation and that the evaluation was arbitrary and capricious.

## Relief Requested

**WHEREFORE** Plaintiff respectfully requests a judgment against the United States of America and further requests:

1. The Court order that the award to CSSI be set aside as contrary to law and regulation and as being arbitrary and capricious.

2. That the Court enjoin DHS from proceeding with performance of the contract awarded to CSSI under Solicitation No. HSHQDC-06-Q-00079.

3. That the Court declare that CSSI is ineligible for award under the existing solicitation.

4. That the Court declare that DHS improperly waived solicitation requirements for CSSI and that DHS improperly evaluated the proposals received in a manner inconsistent with the solicitation.

5. That the Court order the contract be awarded to Aeon Nexus.

6. That Aeon Nexus be awarded its reasonable costs and attorneys' fees and such further relief as the Court may determine just and proper.

Respectfully submitted,

Date: June 6, 2006

By: ______________________
David S. Cohen, Esq.

Cohen Mohr, LLP
1055 Thomas Jefferson St., NW
Suite 504
Washington, DC 20007
(202) 342-2550 (telephone)
(202) 342-6147 (facsimile)

Attorney of record for Plaintiff Aeon Nexus Corporation.

Of Counsel:

John J. O'Brien
Cohen Mohr, LLP
1055 Thomas Jefferson St., NW
Suite 504
Washington, DC 20007
(202) 342-2550 (telephone)
(202) 342-6147 (facsimile)