ORIGINAL

FILED
JUN - 6 2006
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

Aeon Nexus Corporation

Plaintiff,

v.

THE UNITED STATES

Defendant.

CFC No. 06-444 C

**MOTION TO EXPEDITE AND TO SHORTEN TIME LIMITS AND SUPPORTING MEMORANDUM**

**COMES NOW** Plaintiff Aeon Nexus Corporation, ("Aeon Nexus"), by and through the undersigned counsel, and hereby files this Motion To Expedite And To Shorten Time Limits in this bid protest action by: (1) conducting an early status and scheduling conference; (2) requiring the United States Department of Homeland Security ("DHS") to produce the administrative record by Monday June 19, 2006; (3) granting the parties expedited discovery, (should such discovery be necessary); (4) waiving the requirement contained in RCFC 56 that 60 days from the commencement of the action expire before a party may move for summary judgment or for judgment on the basis of the administrative record pursuant to RCFC 56.1; and (5) shortening the time periods for responses and replies to summary judgment motions and/or motions for judgment on the basis of an administrative record.

## I. Statement of the Case

Plaintiff Aeon Nexus is a Small Disadvantaged Business ("SDB") whose principal office is located in Manassas, Virginia. Aeon Nexus is engaged in the business of providing information technology ("IT") support services to the United States Government and other organizations. Aeon Nexus was an actual offeror and submitted a proposal under the e-Acquisition Management Portal solicitation.

On April 4, 2006, DHS's Office of Procurement Operations released the e-Acquisition Management Portal RFQ No. HSHQDC-06-Q-00079. Two days later, on April 6, 2006, DHS's Office of Procurement Operations released a "Question and Answer" document and a revised Statement of Work ("SOW") among other documents.

The e-Acquisition Management Portal RFQ solicited proposals for a Firm Fixed Price ("FFP") Task Order for a web based e-Acquisition Management Portal solution to optimize the procurement and administrative functions of the Office of Procurement Operations. The portal consists of software that can be accessed via the internet. It will be used by the Government and vendors to perform a number of functions to facilitate Task Order/Delivery Order ("TO/DO") procurements under EAGLE and FirstSource, which are two, large DHS contracts for computer products and services. The minimum functions that DHS required the portal to perform are:

- Government Creation and Issuance of TO/DO Solicitations
- Contractor Submission of Proposals
- Government Evaluation of Proposals
- Government Execution/Award of TOs/DOs
- Government Market Research of IT Products and Purchase Card Procurement
- Dashboard Capability for Executive and Senior Management

April 6 RFQ SOW at 5.

The DHS Office of Procurement competed this requirement among existing GSA Federal

Supply Schedule holders of Schedule 70 General Purpose Commercial Information Technology Equipment, Software, and Services, SIN 132-34 Software Maintenance and SIN 132-33 Perpetual Software License. The acquisition was governed by the rules applicable to GSA schedule procurements set forth in FAR 8.4.

The RFQ provided as follows with respect to the basis of award:

> BASIS OF AWARD:
>
> Each Offeror's proposal will be evaluated in accordance with the evaluation criteria identified below:
>
> There are a total of five (5) evaluation factors: 1) Technical Approach and Capabilities; 2) Key Personnel; 3) Organizational Experience and 4) Past Performance and one (1) non technical evaluation factor - Price. Technical approach and capabilities is the most important; key personnel, organizational experience and past performance are of equal importance and when combined are of equal importance to technical approach. Technical approach, key personnel, organizational experience and past performance when combined are more important than Price.
>
> Award will be made to the responsible Offeror whose offer, conforming to this RFQ, provides the best overall value to the Government, evaluation factors, and price considered. The Government will not make award at a significantly higher overall cost to the Government to achieve *only* slightly superior technical capability. The Government will make this assessment through the development of trade-off analysis and other analytic studies that involve the assessment of benefits of superior technical capability features (e.g., benefits clearly attributable to increased productivity, probability of successful contract performance, and/or unique and innovative approaches or capabilities) versus the added cost.

April 4 RFQ at 5 of 6.

Importantly, for purposes of the present protest, the RFQ also required that the contractor "host" the system. The RFQ provided that "[t]he contractor shall provide the services required to host and operate the DHS ESO e-Acquisition Management Portal system, based on commercial best practices for hosting operations. The contractor shall be responsible for the establishment of

the hosting environment, procurement of required hardware, and management of system operations." April 6 SOW at 10. The RFQ further provided:

> The contractor shall provide the following specific deliverables for Task 5: (see Section C.4 for Schedule of Deliverables):
>
> a. Hosting of the e-Acquisition Management Portal
> b. Service Level Agreement
> c. Registered IP address and URL
>
> In the event that DHS elects to transfer hosting responsibility from the contractor to the Government, the contractor shall assist the Government in transitioning the operational environment from the contractor's facility to the designated Government facility.

Id.

The RFQ also included an aggressive delivery schedule for the six tasks that the contractor must perform:

| TASK | TASK DESCRIPTION | SCHEDULE |
|---|---|---|
| Task 1 | System Requirements Specification | 30 days after award |
| Task 2 | e-Acquisition Management Portal implementation | Initial deployment by 7/1/06<br>Full deployment by 8/1/06 |
| Task 3 | Training Plan | As required to support 7/1/06 initial deployment |
| Task 4 | Procure computer environment for portal implementation and operation | As required to support 7/1/06 initial deployment |
| Task 5 | DHS e-Acquisition Management Portal hosting | Starting with initial system deployment |
| Task 6 | Help desk support | Starting with initial system deployment |

April 6 SOW at 11.

On April 28, 2006, Aeon Nexus was informed by DHS that the technical proposal it submitted in response to the above requirements received an "Excellent" score and its price proposal was within the competitive range. Aeon Nexus was also informed, in the same letter,

that Compusearch Software Systems, Inc., ("CSSI") was being awarded the Task Order ("TO") in a total amount not to exceed $5,167,188.24.

## II. Argument

This Court's jurisdictional statute calls for the Court to exercise its protest jurisdiction with "due regard" for "the need for expeditious resolution of the action." 28 U.S.C. § 1491(b)(3). For this reason, for all cases on the Court's protest docket, Appendix C to the RCFC provides that the Court will have an initial status conference "as soon as practicable after the filing of the complaint." RCFC App. C ¶ 8. Further, RCFC 1 provides that this Court's rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." Another factor supporting expedition, in the circumstances of this case, is that the Aeon Nexus Complaint, in this Court, raises serious claims concerning the award of a $5 million plus TO. One claim relates to the fact that the RFQ clearly indicated that the contractor was required to "host" the system at its facility (April 6 SOW at 10) but Aeon Nexus understands that the award to CSSI is not based on CSSI hosting the system but instead is based on the system being hosted at a Government facility. Furthermore, the Government stated in the RFQ that it was conducting this procurement in accordance with FAR Subpart 8.4, Federal Supply Schedules (April 4 RFQ at 1), however, CSSI does not offer hosting on its GSA schedule contract. The Government may not use the GSA Schedule program and the simplified procedures of FAR Subpart 8.4, to purchase goods and services that are not contained on the offeror's GSA Schedule.

Given the fact that CSSI has commenced preliminary performance work (Task 1) Aeon Nexus has not moved for a temporary restraining order. Aeon Nexus is seeking a limited injunction which would prevent DHS from going forward with deployment of the system and

related tasks (Tasks 2-6) until such time as this Court has the opportunity to rule on the propriety of the Agency's action in awarding the TO to CSSI. It is Aeon Nexus's understanding that deployment (Tasks 2-6) have not yet begun. Once the system is fully deployed it would become considerably more difficult for this Court to frame effective relief in the event it finds the allegations of the Complaint meritorious. Initial deployment was scheduled, in the RFQ, to be completed by July 1, 2006. April 6 RFQ at C.5. Full capability deployment was scheduled to be completed by August 1, 2006. Id.

The purpose of this Motion To Expedite And To Shorten Time Limits is to ensure that the protest be decided in the shortest time reasonably possible so that there will be minimal disruption to all parties and to the schedule contained in the RFQ.

Accordingly, Aeon Nexus requests the Court to expedite the action in several respects.

First, we ask the Court to conduct a prompt initial status conference for the purpose of scheduling further proceedings in this matter. RCFC App. C ¶ 8 requires the earliest possible status conference in all protest cases, so this request is only for the usual process.

Second, we ask the Court to require DHS to produce the administrative record as soon as possible. Given that this is a GSA FSS Schedule procurement that involved only three offerors, we believe Monday June 19, 2006 is a reasonable period of time to assemble the record.

Third, we ask for expedited discovery, (should such discovery be necessary).

Fourth, we ask the Court waive the requirement contained in RCFC 56 that 60 days from the commencement of the action expire before a party may move for summary judgment or for judgment on the basis of the administrative record pursuant to RCFC 56.1 and that it shorten the time periods for responses and replies under those rules. We note that this Court routinely provides for expedited motions for judgment and oppositions to such motions in protest cases

and, consistent with its jurisdictional statute and rules encouraging expedition, it clearly has the authority to do so. *See generally* RCFC 16 and Appendix C.

## CONCLUSION

**WHEREFORE** for the foregoing reasons, Aeon Nexus requests that this motion to expedite and to shorten time limits be granted

Respectfully submitted,

Date: June 6, 2006

By: [signature]
David S. Cohen, Esq.

Cohen Mohr, LLP
1055 Thomas Jefferson St., NW
Suite 504
Washington, DC 20007
(202) 342-2550 (telephone)
(202) 342-6147 (facsimile)

Attorney of Record for Plaintiff Aeon Nexus Corporation.

Of Counsel:

John J. O'Brien
Cohen Mohr, LLP
1055 Thomas Jefferson St., NW
Suite 504
Washington, DC 20007
(202) 342-2550 (telephone)
(202) 342-6147 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on this 6 day of June 2006, a copy of the foregoing was served by hand delivery on:

Counsel for the United States:

Mark Melnick
U.S. Department of Justice
1100 L Street, N.W.
Washington, DC 20530

David S. Cohen

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

Aeon Nexus Corporation

Plaintiff,

v.

THE UNITED STATES

Defendant.

CFC No. 06-444-C

**ORDER**

This matter comes before the Court on Plaintiff's Motion To Expedite And To Shorten Time Limits. It is hereby:

ORDERED that the United States Department of Homeland Security shall produce the administrative record by Monday June 19, 2006, and it is:

FURTHER ORDERED discovery, (should it be necessary) shall be expedited, as follows:

______________________________________________________________ and it is:

FURTHER ORDERED the requirements contained in RCFC 56 and RCFC 56.1 that 60 days from the commencement of the action expire before a party may move for summary judgment or for judgment on the basis of the administrative record is hereby waived, and it is:

FURTHER ORDERED the time periods for responses and replies to summary judgment motions and/or motions for judgment on the basis of an administrative record shall be as follows:

______________________________________________________________.

Date: ____________________

By: ______________________________
Judge, United States Court of Federal Claims