# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AEON NEXUS CORPORATION, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| THE UNITED STATES, | ) | June 13, 2006 |
| Defendant, | ) | No. 06-444C |
| and | ) | (Judge Block) |
| COMPUSEARCH SOFTWARE SYSTEMS, INC. | ) | |
| Defendant-Intervenor. | ) | |

## PROTECTIVE ORDER

The Court has determined that certain information that may necessarily be disclosed orally or in writing during this action may be competition sensitive (e.g., source selection information), proprietary, confidential, or otherwise protectable. To address these concerns, it is ordered that protected information, provided formally or informally during the course of this action, shall be disclosed by the parties only as follows:

1. "Protected information" as used herein means:

(a) information, the protection of which is necessary to safeguard the competition process, including source selection information, and proprietary or confidential information contained in any document (including any pleading, motion, brief, notice, or discovery request or response) produced, filed, or served by any party to this litigation that is designated as protected by a party (See ¶3); and

(b) information, the protection of which is necessary to safeguard the competitive process, including source selection information, and any proprietary or confidential information contained in any deposition, testimony, or transcript thereof, or any affidavit taken or provided during this litigation that is designated as protected by a party (See ¶ 3).

2. (a) Protected information shall be used by the attorneys for the private parties who have been admitted to this Protective Order, solely for the purposes of this litigation and shall not

be given, shown, made available, discussed, or otherwise communicated in any form except as provided herein.

(b) Except as provided in paragraph 2(d) and (e), the only categories of persons who may be given access to protected information are (i) legal counsel for a party and (ii) independent consultants and experts assisting such counsel in connection with the litigation, and (iii) such other persons to whom the Court may grant access.

(c) To be granted access to protected information, any such person shall first read this Order and, if an attorney, execute a copy of the Application for Access to Materials Under Protective Order by Outside Counsel (Exhibit A-1) or, if a consultant or expert, execute a copy of the Application for Access to Materials Under Protective Order by a Consultant or Expert (Exhibit A-2). The party seeking to have such person granted access shall then provide a copy of the executed Application to each other party. Such person shall, without further action by the Court, be permitted access to protected material at the close of the second business day after the other parties have received the Application, unless, in the interim, any party informs the requesting party of an objection. If the parties are unable to reach agreement regarding an objection, the party seeking access may present the matter to the Court. Such person shall not be given access unless and until the Court authorizes such access. Notwithstanding any other provision of this order, all attorneys employed at the following firms are hereby granted access to protected material without any requirement to file a prior application: Latham & Watkins LLP and Cohen Mohr LLP (the "Designated Firms"). Any attorneys employed by the Designated Firms who review protected material shall complete an Application by Outside Counsel for Access to Material Subject to Protective Order (Exhibit A-1) and serve the same on each party within two (2) business days after commencing such review. There is no requirement to file with the Court applications by outside counsel who are employed at the Designated Firms.

(d) Paralegal, clerical and administrative support personnel assisting any counsel who has been admitted under this Order may be given access to protected information if such personnel have first been informed by such counsel of the obligations imposed by this Order. In addition, protected material may be provided to employees of firms providing courier, copying or litigation support services that are requested by counsel admitted under this order. Employees of firms providing copying or litigation support services shall be advised, either by counsel or the company's supervisor, of the employee's obligations to preserve the confidentiality of the protected material.

(e) Court, procuring agency and Department of Justice personnel are automatically subject to the terms of this Order and are entitled to access to protected information, without further action.

3. (a) Protected material of any kind may be provided only to the Court and to individuals authorized by this protective order, and, except as provided in ¶ 14, must be in a sealed parcel containing the legend "PROTECTED MATERIAL ENCLOSED" conspicuously placed on the outside of the parcel containing the protected information. A copy of the certificate of service identifying the document being filed should be attached to the front of each envelope.

(b) The first page of each document containing protected material is to be clearly marked as follows:

**PROTECTED INFORMATION TO BE DISCLOSED ONLY IN ACCORDANCE WITH U.S. COURT OF FEDERAL CLAIMS PROTECTIVE ORDER**

(c) Any courtesy copies of protected materials that are filed with the Court for use by the judge should be marked as such.

(d) The Court will maintain properly marked protected pleadings or materials under seal.

4. (a) Upon the request of a party, a party that files a pleading in accordance with paragraph 3 hereof shall promptly serve on each other party a proposed redacted copy of the pleading with the claimed protected information deleted and clearly marked "proposed redacted copy" in the upper right-hand corner of the first page.

(b) Within two business days after their receipt of the proposed redacted copy, other parties shall advise the party originating the pleading of any additional redactions they require. The originating party shall promptly provide each party with a copy of the pleading from which all material that any party has requested be redacted has been redacted and clearly marked "agreed-upon redacted copy-may be made public" in the upper right-hand corner of the first page. During the two day period, the proposed redacted copy shall be treated as protected. At the expiration of the two day period, or when agreement is reached, the agreed-upon redacted copy shall be filed with the Court by the originating party. If the parties are unable to reach agreement they may have the matter resolved in accordance with paragraph 6.

(c) Any party at any time may serve on the other parties a proposed redacted copy of any document (other than a pleading, to which paragraphs 4(a) and (b) apply) filed with the Court or of any document produced or generated in discovery whether or not filed with the Court and shall clearly mark the document in the manner provided in paragraph 4(a). The other parties shall respond promptly, advising the serving party of any additional redactions they require. The serving party shall proceed as provided in the last two sentences of paragraph 4(b).

5. Counsel shall endeavor to avoid the use of confidential information in any oral proceedings before this Court, including oral argument. If counsel finds it necessary to refer to confidential information in any such oral proceeding, counsel shall notify the Court and all other counsel of record as soon as such necessity becomes apparent and shall propose whatever mechanism(s) may be available and appropriate to prevent disclosure of confidential information to persons other than those authorized by this Order.

6. Any party may at any time object to another party's designation of particular information as protected. If the parties are unable to resolve the matter by agreement, counsel for the objecting party may submit the matter to the Court for resolution. Until the Court resolves the matter, the disputed information shall be treated as protected.

7. Without the consent of the other parties, no private party may make more than six (6) copies of any document containing protected information received from another party. Electronic copies made on automatic "back-up" devices are not included in the calculation of the permissible number of copies. Private parties may make additional copies for filing with the Court, service on the parties or use in discovery and may also incorporate limited amounts of protected information in their pleadings. All copies of such documents and of pleadings referring to protected information shall be clearly labeled in the manner required by paragraph 3 of this Order.

8. Each person covered by this Order shall take all necessary precautions to prevent disclosure of protected information, including but not limited to physically securing, safeguarding and restricting access to the protected information. The confidentiality of information learned pursuant to this Order shall be maintained in perpetuity.

9. Within thirty (30) days after the conclusion of this action (including any and all appeals and remands), counsel for each private party shall (i) destroy all protected information and

certify in writing to all parties that such destruction has occurred and/or (ii) return the protected information to the parties from which the information was received. Provided the documents are marked protected and are properly secured, counsel for each party may retain one copy of the unredacted pleadings, orders and opinions or decisions of the Court.

10. Any party whose information has been designated as protected may at any time waive the protection of this Order with respect to any or all such information by so advising counsel for all parties in writing, identifying with specificity the information to which this Order shall no longer apply.

11. Nothing contained in this Order shall preclude a party from seeking relief from this Order through the filing of an appropriate motion with the Court that sets forth the basis for the relief sought.

12. If a party determines that a previously produced document inadvertently was not identified as containing protected information, the producing party shall give notice in writing that the document is to be treated as proprietary, and thereafter the designated document shall be treated in accordance with this Order.

13. Counsel for the parties shall promptly report any breach of the provisions of this Order to counsel for the opposing party(ies). Upon discovery of any breach, plaintiff's, defendant's, or any intervenor's attorneys shall immediately take appropriate action to cure the violation and retrieve any protected information that may have been disclosed to persons not covered by this Order. The parties shall reasonably cooperate in determining the reasons for any such breach.

14. Electronic filing of sealed material is authorized in this case. Such documents are to be filed electronically using the "Sealed" menus from the "Civil Events" list. If leave of the Court is requested and granted, the administrative record may be filed and served under seal on CD-ROM. All individuals admitted under this Protective Order are authorized to review all other parties' sealed filings.

IT IS SO ORDERED.

s/Lawrence J. Block

Lawrence J. Block
Judge

**EXHIBIT "A-1"**

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AEON NEXUS CORPORATION, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| THE UNITED STATES, | ) | Bid Protest |
| Defendant, | ) | No. 06-444C |
| and | ) | (Judge Block) |
| COMPUSEARCH SOFTWARE SYSTEMS, INC. | ) | |
| Defendant-Intervenor. | ) | |

APPLICATION FOR ACCESS TO MATERIALS UNDER
PROTECTIVE ORDER BY OUTSIDE COUNSEL

1. I, ____________________________ , hereby apply for access to protected materials covered by the Protective Order issued in connection with this proceeding.

2. I am an attorney with the law firm of _________________________ and have been retained to represent ___________________________ , a party to this proceeding.

3. I am _____ /am not _____ a member of the bar of the United States Court of Federal Claims (the "Court").

4. My professional relationship with the party I represent in this proceeding and its personnel is strictly one of legal counsel. I am not involved in competitive decisionmaking as discussed in U.S. Steel Corp. v. United States, 730 F.2d 1465 (Fed. Cir. 1984), for or on behalf of

the party I represent, any entity that is an interested party to this proceeding, or any other firm that might gain a competitive advantage from access to the material disclosed under the Protective Order. I do not provide advice or participate in any decisions of such parties in matters involving similar or corresponding information about a competitor. This means that I do not, for example, provide advice concerning or participate in decisions about marketing or advertising strategies, product research and development, product design or competitive structuring and composition of bids, offers, or proposals with respect to which the use of protected material could provide a competitive advantage.

5. I identify here (by writing "none" or listing names and relevant circumstances) those attorneys in my firm who, to the best of my knowledge, cannot make the representations set forth in the preceding paragraph:

6. Identify here (by writing "none" or listing names, position, and responsibilities) any member of my immediate family who is an officer or holds a management position with an interested party in the proceeding or with any other firm that might gain a competitive advantage from access to the material disclosed under the protective order:

7. Identify here (by writing "none" or identifying the name of the forum, case number, date, and circumstances) instances in which I have been denied admission to a protective order, had admission revoked or been found to have violated a protective order issued by any administrative or judicial tribunal:

8. I have read the Protective Order issued by the Court in this proceeding. I will comply in all respects with that order and will abide by its terms and conditions in handling any protected information produced in connection with the proceeding.

9. I acknowledge that a violation of the terms of the Protective Order may result in the imposition of such sanctions as may be deemed appropriate by the Court and in possible civil and criminal liability.

By my signature, I certify that, to the best of my knowledge, the representations set forth above (including any attached statements) are true and correct.

________________________________
Signature

________________________________
Date Executed

________________________________
Typed Name and Title

________________________________
Telephone Number

________________________________
Fax Number

________________________________
Signature of Attorney of Record

________________________________
Date Executed

________________________________
Typed Name and Title

________________________________
Telephone Number

________________________________
Fax Number

**EXHIBIT "A-2"**

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AEON NEXUS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | Bid Protest |
| | ) | |
| Defendant, | ) | No. 06-444C |
| | ) | |
| and | ) | (Judge Block) |
| | ) | |
| COMPUSEARCH SOFTWARE SYSTEMS, INC. | ) | |
| | ) | |
| Defendant-Intervenor. | ) | |

**PROTECTIVE ORDER**

1. I, the undersigned, am a ____________________________ with ____________________________ and hereby apply for access to protected materials covered by the protective order issued in connection with this proceeding.

2. I have been retained by ____________________________ and will, under the direct and control of ____________________________ , assist in the representation of ____________________________ in this proceeding.

3. I hereby certify that I am not involved in competitive decisionmaking as discussed in U.S. Steel Corp. v. United States, 730 F. 2d 1465 (Fed. Cir. 1984), for or on behalf of any party to this proceeding or any other firm that might gain a competitive advantage from access to the material disclosed under the protective order. Neither I nor my employer provides advice or

participates in any decisions of such parties in matters involving similar or corresponding information about a competitor. This means, for example, that neither I nor my employer provides advice concerning or participates in decisions about marketing or advertising strategies, product research and development, product design or competitive structuring and composition of bids, offers, or proposals with respect to which the use of protective materials could provide a competitive advantage.

4. My professional relationship with the party for whom I am retained in this proceeding and its personnel is strictly as a consultant on issues relevant to the proceeding. Neither I, my spouse, nor any member of my immediate family holds office or a management position in any company that is a party in this proceeding or with any competitor or potential competitor of a party.

5. I have attached the following information:

a. a current resume describing my education and employment experience to date;

b. a list of all clients for whom I have performed work within the two years prior to the date of this application and a brief description of the work performed;

c. a list of all clients for whom my employer has performed work within the two years prior to the date of this application, and for whom the use of protected material could provide a competitive advantage, and a brief description of the work performed;

d. a statement of the services I am expected to perform in connection with this proceeding;

e. a description of the financial interests that I, my spouse, and/or my family has in any entity that is an interested party in this proceeding or whose protected material will be reviewed; if none, I have so stated;

f. a list identifying by name of forum, case number, date and circumstances, all instances in which I have been granted admission or been denied admission to a protective order, had a protective order admission revoked or been found to have violated a protective order issued by an administrative or judicial tribunal; if none, I have so stated; and

g. a statement of the professional associations to which I belong, including membership numbers.

6. I have read a copy of the protective order issued by the Court in this proceeding. I will comply in all respects with all terms and conditions of that order in handling any protected information produced in connection with the proceeding. I will not disclose any protected information to any individual who has not been admitted under the protective order by the Court.

7. For a period of two years from the date this application is granted, I will not engage or assist in the preparation of a proposal to be submitted to any agency of the United States Government for a web based Acquisition Management Portal solution where I know or have reason to know that any party to this proceeding, or any successor entity, will be a competitor, subcontractor or teaming member.

8. For a period of two years from the date this application is granted, I will not engage or assist in the preparation of a proposal for submission to the United States Department of Homeland Security nor will I have any personal involvement in any such activity.

9. I acknowledge that a violation of the terms of the protective order may result in the imposition of such sanctions as may be deemed appropriate by the Court and in possible civil and criminal liability.

By my signature, I certify that, to the best of my knowledge, the representations set forth above (including the attached statements) are true and correct.

________________________________ ________________________________
Signature Date Executed

________________________________
Typed Name and Title

________________________________
Telephone Number

________________________________
Fax Number

________________________________ ________________________________
Signature of Attorney of Record Date Executed

________________________________
Typed Name and Title

________________________________
Telephone Number

________________________________
Fax Number